13 So.2d 563

## PHELPS v. PHELPS.

### 4 Div. 282.

Supreme Court of Alabama.

May 20, 1943.

354

Moseley & McIlwain, of Union Springs, for appellant.

No appearance for appellee.

THOMAS, Justice.

The bill was for divorce by the wife and sought support and maintenance for herself and two minor children.

The prayer of the bill, among other things, is: "* * * that your oratrix be permitted to again contract marriage that the custody and control of the said minor children, namely; Jewell Owen Phelps, and Curtis O'Neal Phelps, be awarded to your oratrix, and that the respondent be required to pay into this court a sufficient amount weekly or monthly, as the court may deem proper and fair, to help with the maintenance and support of these children, taking into consideration the salary of the respondent, and your oratrix further prays that the Respondent be ordered to pay into this Court a sufficient sum to defray the expenses of this action, and counsel fees, and for the support and maintenance of the said minor children; * * *."

The answer of the respondent husband is in effect a denial of the alleged act of cruelty and the following admission: "* * * that there were two children born of this marriage, the names and ages averred in said bill being correct, and that they are now in the custody of the complainant. He further admits that he is in the employ of the Cowikee Cotton Mills of Union Springs, Alabama, and that he earns $80.00 monthly as a salary, and that it is his desire to contribute to the support of these two children, either monthly or bi-monthly, as he is paid, whatever is reasonable and fair. Respondent requests that he have the privilege of seeing these children whenever it is convenient for him to do so."

The evidence for complainant was sufficient on which to award custody of the children to the complainant mother with the privilege to the respondent father to see these children within reasonable regulations.

The evidence warranted a reference as to respondent's ability to duly defray the expenses of said minor children and defray the complainant's expenses pending the action and her reasonable at-torney's fees as the court decrees is just under the statute. Code 1940, T. 34, §§ 35, 20, 22, 30 and 31.

The assignment of error challenges the action of the court in respect to (1) failure to provide for the custody of the minor children as sought by the prayer of the bill; (2) failure of the decree to require that respondent pay a sufficient amount at reasonable times required by the court for the support of his said minors as found right, fair and proper; and (3) "The court below erred in rendering its final decree of July 20, 1942, in that it failed neither [either] to deny nor [or] to grant the relief prayed for by the appellant in her Bill of Complaint." [Brackets supplied.]

The decree of the circuit court is affirmed as to the granting of divorce. It is reversed as to the disposition and right of visitation, maintenance and support of the children and the ascertainment of the reasonable allowance to the wife as prayed for and in behalf of herself and for support of the children and for her attorney's fees, and remanded to the circuit court for further proceedings therein in accordance with the opinion of this court.

Affirmed in part, and in part reversed and remanded, with directions.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.